UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONG-NGOC T. DAO,<br><br>    Plaintiff,<br><br>    v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>    Defendant. | Case No. 14-cv-04749-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO WITHDRAW ANSWER AND DISMISS THE COMPLAINT**<br><br>Re: Dkt. No. 44 |

Defendant's motion to withdraw its answer and dismiss the complaint is scheduled for a hearing on July 9, 2015. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, defendant's motion is GRANTED in part and DENIED in part.

**DISCUSSION**

Plaintiff filed the original complaint on October 26, 2014, and, after the Court granted defendant's motion to set aside the default, defendant filed an answer on February 4, 2015. The Court held a case management conference on March 20, 2015, and on March 24, 2015, the Court issued a pretrial order setting May 20, 2015 as the deadline for the filing of an amended complaint. On April 28, 2015, the parties filed a joint stipulation and proposed order stating,

> In accordance with discussions had at the Initial Case Management Conference and discussions between the parties since the Initial Case Management Conference, the parties, by and through their attorneys of record, hereby stipulate that Plaintiff may file the attached Supplemental Complaint without the need to file a noticed motion in support thereof and without the need for a hearing.

Dkt. 38. The Court granted the stipulation, and April 30, 2015, plaintiff filed a first supplemental

complaint.

On May 21, 2015, defendant moved to withdraw its answer and to dismiss and/or strike portions of the supplemental complaint. Defendant contends that the supplemental complaint is actually an amended complaint because it "introduced 70 new paragraphs of allegations, none of which occurred subsequent to the filing of the Complaint." Dkt. 51 at 1:3-5. Defendant contends that, notwithstanding the fact that defense counsel expressly stipulated to the filing of the supplemental complaint without the need for motion practice, plaintiff should have filed a motion seeking leave to file the supplemental complaint. Plaintiff opposes defendant's motion on numerous grounds, arguing as an initial matter that defendant stipulated to the filing of the supplemental complaint and thus cannot now challenge it.

The Court finds that the manner in which the parties have litigated the amendment of the complaint is inefficient.[1] If defendant wished to challenge the supplemental complaint, it is the Court's view that defendant should not have stipulated to its filing. However, because the Court agrees that the new allegations defeat plaintiff's claim for breach of contract, the Court will permit defendant to withdraw its answer and move to dismiss and strike.

Defendant moves to dismiss the breach of contract claim for failure to allege recoverable damages. The supplemental complaint alleges that defendant is paying plaintiff disability benefits, and that defendant paid those benefits retroactively such that there has been no gap in payments. Thus, defendant argues, plaintiff cannot allege any financial damage related to the alleged breach. In response, plaintiff argues that she may seek emotional distress damages. However, as defendant notes -- and as the cases cited in both parties' briefs uniformly hold -- while plaintiff may seek tort damages pursuant to her claim for breach of the implied covenant of good faith and fair dealing, plaintiff may not seek tort damages, including emotional distress damages, in her breach of contract claim. *See, e.g. Erlich v. Menezes*, 21 Cal. 4th 543, 558 (1999). Accordingly, the Court GRANTS defendant's motion to dismiss the breach of contract claim

---

[1] The parties dispute such issues such as who said what at the March 20, 2015 case management conference (and thus whether the Court did or did not grant plaintiff leave to file an amended complaint), and accusing each other of not following the Federal Rules of Civil Procedure. These arguments are not helpful to the Court.

without leave to amend.

The Court finds that the remainder of defendant's motion raises issues that are not suitable for resolution at this stage of the litigation. Defendant moves to strike numerous allegations as "demonstrably false" based upon documents either attached to or referenced in the supplemental complaint. The parties devote much of their papers to quoting from different portions of these documents and setting forth competing interpretations of the policy language, defendant's brochures and other website materials, or language contained in letters to plaintiff. Similarly, defendant moves to dismiss the fraud and misrepresentation claims based upon factual arguments about when defendant made certain "promises" (as contained in defendant's brochures). The Court finds that these disputes are more appropriately resolved on a fuller factual record.

Defendant also contends that plaintiff may not seek declaratory relief regarding certain provisions in the contract because those provisions are legal. The Court finds it is prudent to resolve those questions on summary judgment rather than on a motion to dismiss.

Accordingly, defendant's motion is GRANTED in part and DENIED in part. Plaintiff's claim for breach of contract is dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: July 7, 2015

_____
SUSAN ILLSTON
United States District Judge