1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    HONG-NGOC T. DAO,                          Case No.  14-cv-04749-SI

            Plaintiff,
8
                                                ORDER GRANTING IN PART AND
9       v.                                      DENYING IN PART PLAINTIFF'S
                                                MOTION FOR RECONSIDERATION
10   LIBERTY LIFE ASSURANCE COMPANY
     OF BOSTON,                                 Re: Dkt. No. 70
11
            Defendant.
12

13          Plaintiff's motion for reconsideration of the Court's order dismissing her breach of

14   contract claim is scheduled for a hearing on October 9, 2015.  Pursuant to Civil Local Rule 7-1(b),

15   the Court determines that the matter is appropriate for resolution without oral argument.  For the

16   reasons set forth below, the Court GRANTS in part and DENIES in part plaintiff's motion for

17   reconsideration.   No later than October 13, 2015, plaintiff shall file an amended complaint

18   consistent with this order.

19

20                                      BACKGROUND

21          Plaintiff worked for the University of California, Office of the President as a Research

22   Policy Manager.  Dkt. No. 1 at ¶ 13.  In or about November 2011, she purchased disability income

23   insurance through a group policy issued by defendant.  *Id.*  On or around July 6, 2013, plaintiff

24   alleges she became disabled by "severe chronic vestibular migraine with auras."  *Id.* at ¶ 20.

25   Among other symptoms, she experiences severe headaches, nausea and vomiting, dizziness,

26   motion intolerance, vertigo, photosensitivity, sound sensitivity, loss of balance, neck pain, spatial

27   disorientation, anxiety, and depression.  *Id.*

28          On October 3, 2013, plaintiff submitted a claim for disability benefits to defendant.  *Id.* at

¶ 21.  Defendant approved and paid plaintiff short-term disability benefits through August 5, 2014. *Id.* at ¶ 23.  On August 5, 2014, defendant denied plaintiff's long term disability claim.  Dkt. No. 1 at ¶ 72.  Defendant reinstated plaintiff's benefits on October 14, 2014.  Dkt. No. 40 ¶¶ 5-6.  On March 30, 2015, defendant stated it would reduce plaintiff's disability payment by the amount of Social Security disability income that she receives, and would require her to repay any overpayment provided by defendant.  Dkt. No. 40 at ¶¶ 21-22.

The Court previously granted defendant's motion to dismiss the breach of contract claim. Dkt. No. 61.  By the present motion, made pursuant to Local Rule 7-9 and Federal Rule of Civil Procedure 59(e), plaintiff moves for reconsideration.  *See* Dkt. No. 70; Dkt. No. 61.

## DISCUSSION

Plaintiff's motion for reconsideration asserts that the Court erred by: (1) finding that defendant's retroactive payment of plaintiff's disability benefits precludes plaintiff from alleging any damages related to the breach of contract[1]; (2) finding that plaintiff cannot seek emotional distress damages in her breach of contract claim; and (3) failing to consider plaintiff's argument that defendant's Social Security offset is illegal and unenforceable.  Dkt. No. 70-1 at 2.[2]

## I.      Breach of Contract Damages.

A plaintiff must allege damages in order to state a claim for breach of contract.  *Hood v. Hartford Life & Acc. Ins. Co.*, No. 07-cv-01634, 2009 WL 453115, at *3 (E.D. Cal. Feb. 23, 2009).  Although defendant reinstated and retroactively paid plaintiff's disability benefits, plaintiff argues that she may pursue a breach of contract claim because she has alleged that defendant

---

[1]  Defendant objects that several of plaintiff's arguments on reconsideration were not specifically raised in her opposition to the motion to dismiss the breach of contract claim.  For example, plaintiff did not specifically identify certain consequential damages in her opposition to the motion to dismiss that she now seeks to pursue on reconsideration.  Plaintiff did, however, generally allege "other consequential loss" in her complaints.  *See, e.g.*, Dkt. 1 at ¶ 102.  In the interest of permitting plaintiff to seek contract damages to which she may be entitled, the Court exercises its discretion and considers plaintiff's contentions on reconsideration.

[2]  All page citations to the record reference the ECF-generated page number at the top of the documents.

2

United States District Court
Northern District of California

terminated her benefits (for some period of time) and she suffered damages in the form of consequential damages, emotional distress damages, and interest.  Dkt. No. 70-1 at 3-6.

### A.    Consequential Damages.

Plaintiff argues that she may seek consequential damages in the form of her attorneys' fees, medical expenses, and living expenses.  Dkt. No. 70-1 at 4.  The measure of damages in a breach of contract claim "is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom."  Cal. Civ. Code § 3300.  Consequential damages "are recoverable if the special or particular circumstances from which they arise were actually communicated to or known by the breaching party (a subjective test) or were matters of which the breaching party should have been aware at the time of contracting (an objective test)."  *Lewis Jorge Constr. Mgmt. Inc. v. Pomona Unified Sch. Dist.*, 34 Cal.4th 960, 968-69 (Cal. 2004).

The Court concludes that plaintiff cannot seek attorneys' fees as consequential damages. Under California Code of Civil Procedure § 1021, parties seeking to enforce insurance contracts must pay their own legal fees unless they have contracted otherwise.  Cal. Civ. Code § 1021.  *See* Justice H. Walter Croskey *et al*., California Practice Guide: Insurance Litigation § 13:29 (The Rutter Group 2015) ("Few insurance policies contain such provisions.  Thus, the insured generally *cannot* recover fees in a *breach of contract* action for policy benefits." (emphasis in original)). Plaintiff has not alleged that her insurance policy provides for attorneys' fees, and thus there is no basis for a request for attorneys' fees as damages.

Plaintiff also argues that "she suffered other consequential damages, including the need to take out private loans to cover medical and other daily expenses which would have been financially provided for had [d]efendant honored its contract."  Dkt. No. 70-1 at 4.  She claims that her medical and living expenses were foreseeable because "the very purpose of disability insurance[] is to provide a financial safety net in the event that [p]laintiff becomes unable to work for a living."  *Id.*  However, plaintiff does not explain how her medical and living expenses were proximately caused by defendant's failure to timely pay her disability benefits, as presumably

plaintiff would have incurred medical and living expenses regardless of whether her benefits were terminated.  However, if plaintiff incurred expenses in connection with taking out a private loan, such as loan fees, those expenses could constitute consequential damages if proximately caused by defendant's termination of her benefits.  Thus, plaintiff is granted leave to amend her complaint to allege consequential damages, if any, stemming from taking out the private loan.

### B.      Emotional Distress Damages.

In its order dismissing the breach of contract claim, the Court found that "while plaintiff may seek tort damages pursuant to her claim for breach of the implied covenant of good faith and fair dealing, plaintiff may not seek tort damages, including emotional distress damages, in her breach of contract claim."  Dkt. No. 61 at 2.  Plaintiff argues that the Court did not address plaintiff's argument that there is an exception allowing for emotional distress damages in claims for breach of disability insurance contracts under California law.

The California Supreme Court has held that "damages for mental suffering and emotional distress are generally not compensable in contract actions."  *Applied Equip.*, 7 Cal.4th at 516.  However, there is a narrow exception to this rule: "damages for emotional distress may be recovered for breach of a contract that *directly* affects the *comfort, happiness or personal welfare* of the nonbreaching party, or that involves a subject matter affecting the self-esteem or tender feelings of that party (e.g., contracts to care for family heirlooms, etc.)."  Justice H. Walter Croskey *et al.*, California Practice Guide: Insurance Litigation § 13:20 (The Rutter Group 2015) (emphasis in original); *see also Erlich v. Menezes*, 21 Cal.4th 543, 559 (Cal. 1999) ("[W]hen the express object of the contract is the mental and emotional well-being of one of the contracting parties, the breach of the contract may give rise to damages for mental suffering or emotional distress.").

Disability insurance contracts may meet this exception because withholding disability benefits "involves a high risk of anxiety to the insured, likely known to the insurer at the time of contracting."  Justice H. Walter Croskey *et al.*, California Practice Guide: Insurance Litigation § 13:24 (citing *Crisci v. Security Ins. Co. of New Haven, Conn.* 66 Cal.2d 425, 434 (1967)).  In

addition, "a major motivation for obtaining disability insurance is to provide funds during periods when the ordinary source of the insured's income - his earnings - has stopped. The purchase of such insurance provides peace of mind and security in the event the insured is unable to work." *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809, 819 (Cal. 1979). Based upon this authority, the Court concludes that plaintiff may amend her complaint to seek damages for emotional distress.

### C.   Interest

Plaintiff contends that she may seek unpaid interest under her breach of contract claim pursuant to California Insurance Code § 10111.2 and California Civil Code § 3287(a). Under Insurance Code § 10111.2, a plaintiff is entitled to interest when an insurer (1) received all information needed to determine whether liability exists, (2) found that liability exists, and (3) failed to pay benefits within thirty calendar days of receiving the information. Cal. Ins. Code § 10111.2(c). Interest begins to accrue on the thirty-first calendar day at a rate of ten percent per year. *Id.* California Civil Code § 3287(a) also creates a right to interest: "A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day[.]" Cal. Civ. Code § 3287(a).

Defendant argues that these statutes provide "statutory penalties that can be applied only after a court finds that benefits are owed," and therefore "cannot be a basis for a finding of breach of contract." Dkt. No. 71 at 12-13 (citing *Onder v. Allstate Insurance Company*, No. 02-cv-213, 2002 WL 1354826 (S.D. Cal. June 12, 2002) (granting summary judgment on the plaintiffs' breach of contract claim because the "[p]laintiffs cannot use [Cal. Civ. Code] section 3287, which pertains to damages, to show that there is a genuine issue of material fact with respect to the breach of contract claim itself.").

The Court finds that as a pleading matter, plaintiff may seek interest under her breach of contract claim. *Onder* is distinguishable because, *inter alia*, it did not involve a disability insurance policy and thus the court did not analyze California Insurance Code § 10111.2. Further, *Onder* was decided on summary judgment, and the court held that the defendant had not breached

United States District Court
Northern District of California

the insurance policy. Here, plaintiff alleges that defendant breached the insurance policy, and wishes to seek interest as one component of contract damages. The Court grants plaintiff leave to amend her complaint and seek interest under her breach of contract claim.

## II.    Social Security Offset.

In the Court's previous order, the Court denied defendant's motion to dismiss plaintiff's claim for declaratory relief related to the Policy's inclusion of an offset for Social Security payments. The Court held that the parties' arguments regarding the legality of that provision should be resolved on a fuller factual record and not on the pleadings.

Plaintiff's motion for reconsideration asserts for the first time that defendant's enforcement of the Social Security offset provision constitutes a breach of contract. The Court finds that this is an improper attempt by plaintiff to assert an entirely new theory in support of its breach of contract claim on reconsideration. To the extent plaintiff seeks to amend her breach of contract claim based upon the Social Security offset provision, that request is DENIED. [3]

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is **GRANTED** in part. The Court grants plaintiff leave to reassert her breach of contract claim and to seek damages consistent with this order. The amended complaint shall be filed no later than October 13, 2015.

**IT IS SO ORDERED**.

Dated: October 8, 2015

SUSAN ILLSTON
United States District Judge

_____

[3]   In light of this disposition of the Social Security offset issue, defendant's objection, motion to strike and motion to file surreply (Dkt. No. 74) is DENIED as moot.

6

United States District Court
Northern District of California