UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONG-NGOC T. DAO,<br><br>   Plaintiff,<br><br>  v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>   Defendant. | Case No. 14-cv-04749-SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 127 |

Plaintiff's motion for leave to file a second amended complaint is scheduled for a hearing on February 26, 2016. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing.

Plaintiff seeks leave to file a second amended complaint to add factual allegations regarding certain actions defendant took with regard to offsetting plaintiff's disability benefits under her insurance policy based upon plaintiff's receipt of Social Security benefits. Specifically, plaintiff seeks to add several paragraphs alleging that "after the Court issued its July 2015 decision on LIBERTY'S motion to dismiss, LIBERTY discontinued benefit payments under the guise of recovering a debt it claimed Plaintiff owed it for overpaying benefits . . . ." Proposed Second Amended Complaint ¶ 106; *see also id.* ¶ 109 ("LIBERTY'S subsequent reduction of benefit payments after litigation had started was, and is, also unreasonable and demonstrates ongoing bad faith."). Plaintiff's prior complaint included allegations regarding the Social Security offset in support of plaintiff's claim for breach of the implied covenant of good faith and fair dealing (*see* Dkt. 40 ¶¶ 19-22, 31-36, 46) but this is the first time that plaintiff seeks to include such allegations under her breach of contract claim.

Defendant opposes the motion on several grounds. Defendant asserts that plaintiff has

unduly delayed in seeking to amend the complaint, and that defendant will be prejudiced because plaintiff did not seek leave to amend until after the close of written non-expert discovery and after plaintiff's deposition was taken. Defendant also argues that the proposed amendment is futile because courts have held that an insurance policy's Social Security offset provision, as well as related provisions permitting recoupment of overpayments in light of a retroactive Social Security benefits award, are legal under the Social Security Act. Plaintiff responds that defendant has long been on notice of plaintiff's challenge to the Social Security offset provision in her insurance policy, and that she seeks only to add limited allegations regarding newly-arising conduct in connection with a question that is already before the Court.

The Court concludes that plaintiff should be permitted to amend the complaint. The Court finds that defendant has not demonstrated that it will be prejudiced by the amendment because plaintiff has challenged the Social Security offset provision since at least April 2015 when plaintiff filed the first supplemental complaint. If there is specific discovery that defendant wishes to take regarding plaintiff's breach of contract claim as it relates to the Social Security offset provision, the Court directs the parties to meet and confer. If the parties are unable to resolve any disagreements regarding the need for additional discovery, defendant may seek leave of Court to propound additional discovery. With regard to futility, the Court has previously held that the parties' arguments regarding the legality of the Social Security offset provision should be resolved on a fuller factual record and not on the pleadings.

Accordingly, for the reasons set forth above, the Court GRANTS plaintiff's motion for leave to file a second amended complaint. Plaintiff shall file the second amended complaint no later than February 26, 2016.

**IT IS SO ORDERED**.

Dated: February 22, 2016

_____
SUSAN ILLSTON
United States District Judge

2