UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONG-NGOC T. DAO,<br><br>    Plaintiff,<br><br>    v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>    Defendant. | Case No. 14-cv-04749-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 167 |

Plaintiff seeks relief from Magistrate Judge Laporte's April 22, 2016 order allowing defendant to take the deposition of Kevin Gill. Judge Laporte's order stated, "The Court finds that Kenneth Gill is no longer counsel of record and he is subject to deposition in his capacity as a percipient witness. Although he may object to questions that involve attorney-client privileged matters or attorney work product, questions such as those regarding his observations as her significant other of Plaintiff's disability and financial harm and his communications with Defendant regarding her claim involve legitimate topics." Dkt. No. 165 at 1:15-19.

Plaintiff contends that the order is clearly erroneous because Mr. Gill, while no longer counsel of record, is still one of plaintiff's lawyers. Plaintiff argues that depositions of opposing counsel "are presumptively improper and require 'extremely' good cause, except in specific, rare circumstances." Dkt. No. 167 at 1:4-6 (citing *Carehouse Convalescent Hosp. v. Sup. Ct. (Sims)*, 143 Cal. App. 4th 1558 (2006)). Plaintiff asserts that Judge Laporte did not apply the correct legal standard under *Carehouse* to determine whether defendant had demonstrated a need for Mr. Gill's deposition.

The Court DENIES plaintiff's motion for relief. The Court finds that under *Carehouse*, defendant has demonstrated a need for Mr. Gill's deposition because, *inter alia*, plaintiff has

reserved her right to call Mr. Gill as an impeachment witness, Mr. Gill handled the interactions with Liberty Life regarding plaintiff's claim starting in July 2014, and Mr. Gill is the source of the loan alleged in the second amended complaint (SAC ¶ 133) relevant to plaintiff's claim for financial damages. As Judge Laporte held, Mr. Gill is subject to deposition in his capacity as a percipient witness, and Mr. Gill may object to questions that involve attorney-client privileged matters or attorney work product.

**IT IS SO ORDERED**.

Dated: May 16, 2016

SUSAN ILLSTON
United States District Judge